## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NINA VIVIANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00090-PRW |
| | ) | |
| COFFEY & ASSOCIATES, INC., and | ) | |
| CY COFFEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Nina Viviani filed this lawsuit against her former employer for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"),[1] seeking to recover damages for unpaid wages and retaliation. In response, Defendant Coffey & Associates, Inc. asserted various Amended Counterclaims (Dkt. 28), which Plaintiff now asks the Court to dismiss (Dkt. 30). Defendant has responded to Plaintiff's motion (Dkt. 32), and Plaintiff has replied (Dkt. 33). For the reasons given below, the Court **DENIES** Plaintiff's motion to dismiss.

### *Background*[2]

Defendant is an Oklahoma corporation that provides landscaping and yard services in the Oklahoma City area. It employed Plaintiff for just over three years, first as a

---

[1] 29 U.S.C. §§ 201–219.

[2] At this stage in the proceedings, the Court accepts Defendant's well-pleaded allegations as true and construes them in the light most favorable to the counterclaimant. *See Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1267 (10th Cir. 2003). Therefore, this description of the facts reflects Defendant's account.

landscape foreman and then as a design manager. In December 2018, Plaintiff entered into a noncompete agreement that prohibited Plaintiff from, among other things, soliciting Defendant's customers or using Defendant's customer list to start a business providing similar services. Defendant terminated Plaintiff on December 20, 2021, but the parties disagree on the reasons for her termination.

Plaintiff filed her complaint on January 31, 2022, alleging that Defendant violated the FLSA by failing to pay her overtime wages and by terminating her in retaliation for threatening to report to the Department of Labor alleged kickbacks. Defendant responded on May 5, 2022, bringing a counterclaim for unjust enrichment based on alleged overpayments for vacation days in excess of allowed time off, as well as various state-law counterclaims based on Plaintiff's alleged violation of the noncompete agreement. Defendant asserts that Plaintiff refused to maintain accurate time-keeping records, falsified time-keeping records to show that she performed work for Defendant when she in truth was pursuing personal projects, took vacation in excess of her allowed time off, encouraged Defendant's customers to obtain landscaping services directly from Plaintiff rather than Defendant, cost Defendant thousands in lost revenue by failing to follow up with a customer, and used Defendant's equipment and software to create a competing landscaping business.

Plaintiff asks the Court to dismiss Defendant's counterclaims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. According to Plaintiff, the Court should dismiss Defendant's state-law counterclaims under Rule 12(b)(1) because supplemental jurisdiction does not exist, and even if it did, the Court should decline to

exercise supplemental jurisdiction for various reasons. Plaintiff also argues that Counts II through VII of Defendant's Amended Counterclaims should be dismissed under Rule 12(b)(6) because they "frivolously mischaracterize" emails upon which they are based.

## *Discussion*

The Court will first address Plaintiff's Rule 12(b)(1) argument before turning to her Rule 12(b)(6) argument.

### I.   *Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction,[3] "possess[ing] only that power authorized by [the] Constitution and statute."[4] Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[5] Additionally, 28 U.S.C. § 1367 grants federal courts power to hear claims over which courts otherwise lack original jurisdiction if those claims are part of the same constitutional case as claims over which courts have original jurisdiction.[6] Here, the parties agree that Plaintiff's claims arise under federal law and that the Court does not have original jurisdiction over Defendant's counterclaims. The Court must therefore determine whether Defendant's state-law counterclaims "are so related [to Plaintiff's federal-question claims] . . . that they form part of the same case or controversy

---

[3] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[5] 28 U.S.C. §§ 1331–1332.

[6] 28 U.S.C. § 1367(a).

under Article III of the United States Constitution."[7] A claim is part of the same case or controversy if it "derive[s] from a common nucleus of operative fact."[8]

Rule 12(b)(1) motions generally take one of two forms: either "a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction," or "a challenge to the actual facts upon which subject matter jurisdiction is based."[9] The legal test applied depends on which type of challenge the movant asserts. When the 12(b)(1) challenge is a facial attack, the Court confines itself to review of the complaint and accepts all allegations as true—much like 12(b)(6) review.[10] When the 12(b)(1) challenge is a factual attack, the Court must "resolve [the] disputed facts" and has "wide discretion to allow affidavits, other documents, [or] a limited evidentiary hearing" to do so.[11] Plaintiff's motion to dismiss brings a facial attack on Defendant's counterclaims.

A. *The Court has supplemental jurisdiction over each of Defendant's counterclaims.*

Defendant's counterclaims derive from a common nucleus of operative fact with Plaintiff's retaliation claim. The Court therefore has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367(a).

---

[7] *See id.*

[8] *Mine Workers v. Gibbs*, 383 U. S. 715, 725 (1966).

[9] *Ruiz v. McDonell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

[10] *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001); *Holt*, 46 F.3d at 1002.

[11] *Holt*, 46 F.3d at 1003; *see also Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292–93 (10th Cir. 2005).

FLSA retaliation claims follow the shifting burden-of-proof scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[12] Under that scheme, a plaintiff must first establish a prima facie case of retaliation.[13] To establish a prima facie case of retaliation under the FLSA, a plaintiff must show (1) that she "engaged in activity protected by the FLSA"; (2) that she "suffered adverse action by the employer subsequent to or contemporaneous with such employee activity"; and (3) that "a causal connection existed between the employee's activity and the employer's adverse action."[14] Once a plaintiff establishes a prima facie case, the burden then shifts to the defendant "to articulate a legitimate, nondiscriminatory reason for the adverse action."[15]

Assuming Plaintiff can establish a prima facie case of retaliation, Defendant would have the burden "to offer a legitimate reason" for the adverse action (i.e., Plaintiff's termination). Defendant's Amended Counterclaims (Dkt. 28), as well as its response to Plaintiff's Motion to Dismiss (Dkt. 32), list five reasons for Plaintiff's termination, reasons underlying each of Defendant's counterclaims:

> C&A terminated Plaintiff for cause effective December 20, 2021, for, among Plaintiff's other misconduct, Plaintiff (1) refusing to provide C&A accurate timesheets, despite warning and instruction to provide accurate timesheets; (2) taking time off, for personal reasons other than sickness or disability, in excess of allowed time off; (3) contacting at least one customer of C&A encouraging the customer(s) to obtain landscaping services from [Plaintiff] or another provider other than C&A, though the customers were established customers of C&A; (4) failing to follow up with a client, which she was

---

[12] *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997).

[13] *Id.*

[14] *Id.*

[15] *Id.* at 1395.

required to do as part of her employment with C&A; and (5) working to develop her own landscaping project or business during her hours of employment with C&A.[16]

As for the unjust-enrichment counterclaim, Defendant asserts that one of its legitimate reasons for terminating Plaintiff was that she "[took] time off, for personal reasons other than sickness or disability, in excess of allowed time off."[17] Defendant allowed Plaintiff to take up to eighty hours of paid time off each year. According to Defendant, Plaintiff exceeded the eighty hours by two days, days for which she received compensation. This compensation constituted an overpayment, says Defendant, unjustly enriching Plaintiff. Because Defendant would bear the burden to show a legitimate, nondiscriminatory reason for Plaintiff's termination, and since Defendant points to Plaintiff's vacation days as a legitimate reason for that adverse action, the unjust-enrichment counterclaim derives from a common nucleus of operative fact with Plaintiff's FLSA retaliation claim.[18]

The same is true for Defendant's remaining counterclaims, which include (1) tortious interference with a business relationship, (2) misappropriation of trade secrets, (3) injunctive relief, (4) violation of the noncompete agreement, (5) breach of contract, and (6)

---

[16] Def.'s Am. Countercl. (Dkt. 28), ¶ 20.

[17] *Id.*

[18] *See Smith v. City of Sand Springs, Oklahoma*, No. 17-CV-531-JED-FHM, 2018 WL 4494986, at *1 (N.D. Okla. Sept. 19, 2018) (concluding that the court had supplemental jurisdiction over the defendant's counterclaims for conversion, unjust enrichment, breach of fiduciary duty, and fraud because the defendant "may present evidence of a non-retaliatory reason for plaintiff's termination").

breach of fiduciary duty. These counterclaims each relate to a reason that Defendant offers for Plaintiff's termination: that she allegedly solicited Defendant's customers and established a competing landscaping business. As with the unjust-enrichment counterclaim, these remaining counterclaims each derives from a common nucleus of operative fact with Plaintiff's FLSA retaliation claim. The Court thus has supplemental jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1367(a).[19]

B. *The Court does not decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c).*

Supplemental jurisdiction is "a doctrine of discretion," not of right.[20] So even if a Court has supplemental jurisdiction over claims not within its original jurisdiction, 28 U.S.C § 1367(c) permits courts to decline to exercise supplemental jurisdiction under certain circumstances. These circumstances include when

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[21]

---

[19] Because the Court concludes that Defendant's counterclaims derive from a common nucleus of operative fact with Plaintiff's retaliation claim, the Court need not address the parties' arguments with respect to Plaintiff's claim for unpaid wages and overtime.

[20] *Strain v. Regalado*, 977 F.3d 984, 997 (10th Cir. 2020) (quoting *Gibbs*, 383 U.S. at 726).

[21] 28 U.S.C. § 1367(c).

And in deciding whether to exercise supplemental jurisdiction over state-law claims, district courts should consider whether retaining jurisdiction would serve the values of judicial economy, convenience, and fairness.[22]

The thrust of Plaintiff's argument that the Court should decline to exercise supplemental jurisdiction over Defendant's counterclaims is that "other compelling reasons" exist under § 1367(c)(4). Plaintiff argues that counterclaims are generally disfavored in FLSA cases, primarily relying on the Tenth Circuit's reasoning in *Donovan v. Pointon*.[23] *Donovan* involved an action for injunctive relief brought by the Secretary of Labor against an employer.[24] When the Secretary sought to enjoin the employer from engaging in employment practices believed to violate the FLSA, the employer attempted to assert setoffs, counterclaims, and third-party complaints against two nonparty employees.[25] The district court denied those requests, and the Tenth Circuit found no error in the district court's denial.[26] As the Tenth Circuit explained, the purpose of that action was "to bring [the employer] into compliance with the Act by enforcing a public right,"

---

[22] *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) ("[W]e have said the court should consider retaining state claims when, 'given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction.'") (quoting *Anglemyer v. Hamilton Cty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995)).

[23] 717 F.2d 1320 (10th Cir. 1983).

[24] *Id.* at 1323.

[25] *Id.*

[26] *Id.*

and permitting the employer "to try his private claims, real or imagined, against his employees would [have] delay[ed] and even subvert[ed] the whole process."[27]

The concerns in *Donovan* are inapplicable here. Plaintiff is a former employee of Defendant—this is not a case in which the Secretary of Labor is seeking to "bring [an employer] into compliance with the Act by enforcing a public right."[28] Although some courts have relied on *Donovan*'s rationale in declining to exercise supplemental jurisdiction over state-law counterclaims,[29] this is primarily when the counterclaims are mere setoffs against unpaid-overtime claims, setoffs that are unrelated to the employee's labor and that

---

[27] *Id.*

[28] *See Donovan* 717 F.2d at 1323; *see also Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1265 (D. Kan. 2019) ("*Donovan . . .* is inapposite to the circumstances of this case, as the claims in *Donovan* were asserted by the Secretary of Labor to enforce a public right. They were not brought by an individual plaintiff seeking to assert his or her private rights under the FLSA."); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 208CV00722RCJPAL, 2009 WL 10693341, at *5 (D. Nev. Sept. 18, 2009) ("[T]he *Donovan* case is more appropriately understood as prohibiting counterclaims against employees when the Secretary of Labor brings an FLSA action on those employees' behalf. Since this is a case where the Plaintiff Employees are asserting their private rights under the FLSA, *Donovan* does not suggest that [the employer's] counterclaims should not be allowed.").

[29] *See, e.g.*, *McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2016 WL 6581515, at *2 (D. Kan. Nov. 7, 2016) ("Several courts, including the Tenth Circuit, have indicated that counterclaims, particularly when they are akin to setoffs, are not allowed in . . . FLSA action[s].") (discussing *Donovan*, 717 F.2d at 1323); *Saenz v. Rod's Prod. Servs., LLC*, No. 2:14-CV-00525 RB-GBW, 2015 WL 12866986, at *7 (D.N.M. June 23, 2015) ("[T]he Tenth Circuit disapproves of employers asserting set-offs and counterclaims in FLSA actions.") (citing *Donovan*, 717 F.2d at 1323); *Saarela v. Union Colony Protective Servs., Inc.*, No. 13-CV-01637-MSK-MJW, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014) ("Since *Donovan*, most courts considering the issue have generally agreed that setoffs and recoupments are disfavored in FLSA suits.") (internal quotation omitted).

cannot be characterized as advance payments of wages.[30] But here Defendant's counterclaims derive from a common nucleus of operative fact with Plaintiff's *retaliation* claim, since Defendant must show a legitimate, nondiscriminatory reason for Plaintiff's termination. With this connection to Plaintiff's retaliation claim, Defendant's counterclaims are not akin to setoffs that would render exercising jurisdiction improper under Tenth Circuit precedent.

In sum, *Donovan*'s rationale does not provide "compelling reasons" to decline to exercise supplemental jurisdiction over Defendant's counterclaims in this case, and Plaintiff hasn't shown any other compelling reason for the Court to do so.

Plaintiff also argues that Defendant's state-law counterclaims substantially predominate over her FLSA claims. But the alleged facts underlying Defendant's counterclaims are already intertwined with Plaintiff's retaliation claim—even if the Court declined to exercise supplemental jurisdiction over the counterclaims, Defendant would still have the burden to show legitimate, nondiscriminatory reasons for Plaintiff's termination. The evidence Defendant would use to carry its burden would necessarily

---

[30] *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010) ("We continue to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee. . . . [Defendant] is not entitled to set-off those damages here because . . . the money and benefits [Defendant] paid to [Plaintiff] were not wage payments, advance or otherwise; they were not related to her labors at all."); *see also Goulas v. LaGreca*, No. CIV.A. 12-898, 2013 WL 2477030, at *10 (E.D. La. June 7, 2013), *aff'd sub nom. Goulas v. LaGreca Servs., Inc.*, 557 F. App'x 337 (5th Cir. 2014) ("In the instant case, [Defendant] seeks to offset the overtime wages it owes to [Plaintiff] with other wages it actually paid to [Plaintiff]. This is clearly permissible under *Singer* and is not foreclosed by *Martin*.").

overlap with the evidence that Defendant would use to support its counterclaims. The Court thus finds that Defendant's counterclaims do not substantially predominate over Plaintiff's FLSA claims.[31]

Considering the relevant factors in § 1367(c) and "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness,"[32] the Court will exercise jurisdiction over Defendant's counterclaims.

II.    *Rule 12(b)(6)*

Plaintiff also asks the Court to dismiss Counts II through VII of Defendant's Amended Counterclaims under Rule 12(b)(6). These counterclaims, says Plaintiff, rest on a fundamental mischaracterization of emails Plaintiff sent to one of Defendant's customers (referred to by the parties as "Customer A"). Plaintiff argues that the Court may consider these emails in its 12(b)(6) motion to dismiss, and that "[e]ven reviewing them in the light

---

[31] Plaintiff also suggests that whether an employee owes a fiduciary duty to an employer is a novel question of Oklahoma law that counsels against exercising jurisdiction over Defendant's claim for breach of fiduciary duty. *See* Pl.'s Mot. (Dkt. 30), at 5–6 n.8. But whether a fiduciary duty exists is in part a question of fact, so Plaintiff's argument is unpersuasive at the motion-to-dismiss stage. *See Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1188 n.12 (10th Cir. 2009) (affirming the district court's assessment of duplicative damages on the basis of breach of fiduciary duty under Oklahoma law and explaining that "whether [the employee] owed [the employer] a fiduciary duty is, in part, a question of fact") (citing *Enter. Mgmt. Consultants, Inc. v. State ex rel. Okla. Tax Comm'n*, 768 P.2d 359, 362 (Okla.1988) ("The law does not presume an agency status is present. The burden of proving the existence, nature and extent of the agency relationship rests ordinarily upon the party who asserts it.")). *Cf. ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC*, 407 F. Supp. 3d 1186, 1193–94 (W.D. Okla. 2019) ("Because the existence of a fiduciary duty is generally an issue of fact, in light of Plaintiff's allegation, the Court finds that at the pleading stage the allegations are sufficient to avoid dismissal under Rule 12(b)(6).").

[32] *Wittner*, 720 F.3d at 781.

most favorable to [Defendant]," the emails "cannot support a plausible claim against Plaintiff."[33]

When reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations must be accepted as true and viewed "in the light most favorable to the [non-movant]."[34] Parties bear the "obligation to provide the grounds of [their] entitle[ment] to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[35] The pleaded facts must therefore be sufficient to establish that the claim is plausible.[36] This means that a court's role in considering a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the [party's] complaint alone is legally sufficient to state a claim for which relief may be granted."[37]

Although "the sufficiency of a complaint [generally] must rest on its contents alone[,] . . . [t]here are exceptions to this restriction on what the court can consider" in ruling on a Rule 12(b)(6) motion.[38] These exceptions are limited to "(1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the

---

[33] Pl.'s Mot. (Dkt. 30), at 13–14.

[34] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[35] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[36] *See id.*

[37] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[38] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

documents are central to the [party's] claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice."[39] If a court intends to rely on other evidence, "it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties."[40]

The emails Plaintiff attached to its motion do not squarely fall within one of these limited exceptions to the general rule that courts do not consider evidence in deciding a Rule 12(b)(6) motion. Though it's true that Defendant's counterclaims specifically refer to Plaintiff's emails to Customer A, the counterclaims sweep much broader: Counts II through VII also allege that, while employed by Defendant, "Plaintiff contacted additional established customers of [Defendant's] in an attempt to convince them to terminate their business relationship with [Defendant] in favor of receiving landscaping services from Plaintiff" and that Plaintiff established a separate business to compete with Defendant.[41] So while Defendant supports its counterclaims by referring to Plaintiff's emails, the emails are not so central to its claims such that the Court must consider the emails for this Rule 12(b)(6) motion. The Court thus declines to do so.

---

[39] *Id.* (cleaned up).

[40] *Id.* (citing Fed. R. Civ. P. 12(d) and *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)).

[41] *See* Def.'s Am. Countercl. (Dkt. 28), ¶ 42; *see also id.* ¶¶ 18, 19, 48, 50, 53, 62, 65, 66, 67 69, 73. Count VII (Breach of Duty of Fidelity and Loyalty) also alleges an additional theory of liability unrelated to Plaintiff's emails or the solicitation of Defendant's customers: that Plaintiff knowingly made a false report against Defendant concerning alleged kickbacks.

Considering Counts II through VII of the Amended Counterclaims, and "liberally constru[ing] the pleadings and mak[ing] all reasonable inferences in favor of the non-moving party,"[42] the Court concludes that the pleaded facts are sufficient to establish that the counterclaims are plausible. The Court thus **DENIES** Plaintiff's motion to dismiss those counterclaims.

### *Conclusion*

For the reasons given above, the Court will exercise supplemental jurisdiction over Defendant's counterclaims, and Counts II through VII of the Amended Counterclaims do not fail as a matter of law. Plaintiff's Motion to Dismiss (Dkt. 30) is **DENIED**.

**IT IS SO ORDERED** this 9th day of March 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[42] *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

14